UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

JANE DOE,
on behalf of herself and others similarly situated,

           Plaintiff,

      -against-

DARREN K. INDYKE and RICHARD D. KAHN,
as EXECUTORS OF THE ESTATE OF JEFFREY E.
EPSTEIN, and LESLEY GROFF,

          Defendants.

——————————————————————x

Case No. 21 Civ. 8469 (PKC)

### PROVISIONAL PROTECTIVE ORDER ON PLAINTIFF'S ANONYMITY

WHEREAS in the Order dated November 23, 2021 (ECF 24) the Court ordered that, "For good cause shown, plaintiff's request to proceed anonymously is provisionally granted. Defendants may renew their challenge to plaintiff proceeding anonymously if and when plaintiff moves for class certification under Rule 23,"

IT IS HEREBY ORDERED that any person subject to this Order, including the parties to this action and their respective counsel of record, shall adhere to the following terms:

1. Counsel of Record for Defendants may disclose Plaintiff's identity only to Defendants and any attorneys, paralegals, and clerical or other assistants working with or for Defendants on matters related to this action; and the recipients of such information shall not disclose it to any other persons.

2. If Defendants wish to disclose Plaintiff's identity to any person not otherwise permitted to receive such information under this Order, Defendants are limited to doing so in connection with defending this action, and must require such person to first execute a non-disclosure agreement, in a form agreed to by the parties, that prevents such person from disclosing Plaintiff's identity to any other persons. Defendants must maintain a list of all such persons to whom Plaintiff's identity is disclosed and copies of the executed non-disclosure agreements, all of which are subject to *in camera* inspection.

3. All portions of pleadings, motions or other papers filed with the Court that disclose Plaintiff's identity shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties shall use their best efforts to minimize such sealing. Any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts the Plaintiff's identity and text that would reveal Plaintiff's identity.

4. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

5. The parties may seek to modify or amend this Order at any time upon motion to the Court or by stipulation. *This is a provisional order which is subject to judicial modification on the Court's own motion.*

SO ORDERED.

Date: _12-6-21_
        New York, New York

_____
Hon. P. Kevin Castel
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x

JANE DOE,
on behalf of herself and others similarly situated,          Case No. 21 Civ. 8469 (PKC)

                    Plaintiff,

           -against-

DARREN K. INDYKE and RICHARD D. KAHN,
as EXECUTORS OF THE ESTATE OF JEFFREY E.
EPSTEIN, and LESLEY GROFF,

                    Defendants.
———————————————————————————x

## NON-DISCLOSURE AGREEMENT

        I, _____, acknowledge that I understand that the identity of the
Plaintiff in this action is confidential.  I agree that: (1) I will hold in confidence Plaintiff's
identity; (2) I will use Plaintiff's identity only in connection with this litigation; and (3) I will
take all due precautions to prevent the unauthorized or inadvertent disclosure of Plaintiff's
identity.

        By acknowledging these obligations under this Non-Disclosure Agreement, I understand
that I am submitting myself to the jurisdiction of the United States District Court for the
Southern District of New York for the purpose of any issue or dispute arising hereunder, and that
my willful violation of any term of the Non-Disclosure Agreement could subject me to
punishment for contempt of court.

Dated:


                                        _____
                                                  [Signature]